Caruthers, J.,
delivered the opinion of the Court.
Goldman presented his petition to the County Court of Grainger, at its July session, 1859, to change the road leading from “ Rutledge by way of the Mouth of Buffalo, Ores Ferry,” from a second to a first-class road, upon the ground *108 that it bad become a stage road, and that the United States mail was then, and had for some time been, carried over it, in two-horse stages. The Court refused the application, and he appealed to the Circuit Court, where his appeal was dismissed without investigation of the merits of the application, upon the ground that the petitioner for a road had no right to an appeal.
It is supposed that the right of appeal is given to the petitioner by the Code, § 1191. This is confined to “ the parties interested or aggrieved.” It does not embrace every citizen of the county, but only applies to such as are peculiarly concerned, on account of some special interest in the matter not common to others. This was not a “controversy relative to the laying off, discontinuing, or establishing a public road,” in the language of the section referred to, and in which the appeal is given. But if it were, who may appeal ? A person “interested or aggrieved.” The petitioner has no interest above any other citizen. He is only the informer, or relator, and barely brings the matter to the notice of the Court, for its consideration. This does not make him a party, or invest him with any interest in the matter above others.
The principle settled in the case of Cary v. The Justices of Campbell county, 5 Sneed, 515, settles this case against the appellant.
But upon the merits, perhaps the same result would follow, as, if it be not a matter of discretion in the County Court to classify the roads of the county or not, which is probably the case, there was no necessity to .act upon the petition at all, as the law — § 1188 of the Code — provides that “stage roads” are in the first class. To place other than stage roads in that class, requires the action of the Court. But by § 1184, if the Court “fail or refuse to class the roads of its county, they shall be worked on and kept in the manner prescribed for roads in the first class.” So, on this ground, the petitioner had no interest in the matter, because by the refusal he gained what he desired; and, indeed, the previous failure to do what his petition required had, by operation of this *109 section, placed this road in the first class, and, consequently, his petition was useless, and the refusal of it did not affect his interest so as to authorize him to appeal, even if the ground first assumed were not correct, as we think it is.
The judgment of the Circuit Court, dismissing the appeal, will he affirmed.